IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| First National Bank, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 6:07-2182-HMH |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| First National Bank of the South, | ) | |
| First National Bancshares, Inc., | ) | |
| John Higdon, and Peter Seitz, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on First National Bank's ("FNB") motion to dismiss three of the Defendants' six counterclaims. After review, the court grants the motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

John Higdon ("Higdon") was formerly employed as FNB's Vice President, Regional Wholesale Director in a division of FNB known as FNB Mortgage. (Compl. ¶ 7.) The Defendants allege that Tom Brittain ("Brittain"), an FNB employee, revealed private information about Higdon's wages, including offering to disclose his W-2 form, to Mike Johnson ("Johnson"), who was considering an offer to fill Higdon's former position with FNB. (Ans. ¶ 25.) In addition, the Defendants allege that Brittain revealed the same information and made the same offer regarding the W-2 form to Allen Robinson ("Robinson") of Homestar Lending. (Id.) Finally, according to the Defendants, FNB repeatedly accepted, retained, and disposed of the Defendants' mail, including loan files belonging to the Defendants, and used this mail to solicit business from the Defendants' clients. (Id. ¶ 81.)

1

On July 16, 2007, FNB filed the instant action against the Defendants asserting various claims arising from Higdon's employment and resignation. The Defendants filed an answer, which included six counterclaims against FNB on August 27, 2007. FNB filed the instant, partial motion to dismiss on September 26, 2007, seeking to dismiss three of the Defendants' counterclaims. On October 15, 2007, FNB filed a response. The Defendants filed a reply on October 25, 2007, and an amended reply on October 26, 2007.

## II. Discussion of the Law

### A. Rule 12(b)(6)

In federal court, a claimant must make only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal of a complaint for failure to state a claim is proper "only if it can be said that on the claim as pleaded the claimant can prove no set of facts that would entitle [him] to relief." Labram v. Havel, 43 F.3d 918, 920 (4th Cir. 1995). Furthermore, the court must treat the factual allegations of the nonmoving party as true. See Estate Constr. Co. v. Miller & Smith Holding Co., 14 F.3d 213, 217-18 (4th Cir. 1994).

### B. South Carolina Unfair Trade Practices Act

First, FNB moves to dismiss the Defendants' South Carolina Unfair Trade Practices Act (SCUTPA) claim because the Defendants have failed to allege facts which establish an adverse impact on the public interest. (Pl.'s Mem. Supp. Mot. Dismiss 3.)

> To maintain a private cause of action under SCUTPA, a plaintiff must establish: (1) the defendant engaged in an unlawful trade practice; (2) the plaintiff suffered actual, ascertainable damages as a result of the defendant's use of the unlawful trade practice; and (3) the unlawful trade practice engaged in by the defendant had an adverse impact on the public interest.

2

Bessinger v. Food Lion, Inc., 305 F. Supp. 2d 574, 579 (D.S.C. 2003). Therefore, to defeat FNB's motion to dismiss, the Defendants "must establish that the unfair or deceptive practice or act adversely impacts the public interest." Id. at 581. To meet this burden, the Defendants "must establish, by specific facts, that members of the public were adversely affected by" FNB's actions. Id. at 584.

The Defendants assert that FNB violated SCUTPA, S.C. Code Ann. § 39-5-10 et seq., by "repeatedly accepting, retaining, and disposing of Defendants' mail, including loan files belonging to Defendants," and that FNB "used Defendants' mail to solicit business from Defendants' clients." (Ans. ¶ 81.) The only harm alleged by the Defendants in the complaint is that FNB's actions "caused Defendant to suffer lost profits, loss of goodwill and damage to their respective reputations." (Id. ¶ 84.) However, "conduct that affects only the parties to the transaction and not the public interest provides no basis for a SCUTPA claim." Bessinger, 305 F. Supp. 2d at 581. The Defendants' assertions that FNB's actions could have adversely affected third parties and are capable of repetition are merely speculative and conclusory. Based on the foregoing, the court finds that the Defendants have failed to allege facts demonstrating that members of the public were adversely affected by FNB's alleged actions. Therefore, FNB's motion to dismiss the Defendants' SCUTPA claim is granted.

### C. Breach of Duty of Good Faith and Loyalty

Second, FNB moves to dismiss the Defendants' claim for breach of good faith and loyalty. (Pl.'s Mem. Supp. Mot. Dismiss 4-6.) In their answer and counterclaim, the Defendants allege that "FNB Mortgage,[1] as the employer of John Higdon, owed Higdon a duty

---

[1] The Defendants refer to FNB as FNB Mortgage.

3

of good faith and loyalty" and that "FNB Mortgage breached this duty by disclosing to third parties Higdon's salary information and offering disclosure of his W-2 tax form." (Ans. ¶ 96-97.) However, no South Carolina case law supports the Defendants' assertion that an employer owes an employee a duty of good faith and loyalty. Therefore, the Plaintiff's motion to dismiss the Defendants' claim for breach of good faith and loyalty is granted.

### D. Breach of Duty of Good Faith and Fair Dealing

Finally, FNB moves to dismiss the Defendants' claim for breach of the duty of good faith and fair dealing. (Pl.'s Mem. Supp. Mot. Dismiss 4-6.) The Defendants allege that "the employer-employee relationship between FNB Mortgage and Higdon gave rise to a contractual relationship in which FNB Mortgage as the principal bore a duty of good faith and fair dealing." (Ans. ¶ 100.) According to the Defendants, FNB breached this duty "by disclosing Higdon's personal financial information, including his salary, to third parties while Higdon was still employed by FNB Mortgage." (Id. ¶ 101.)

It is undisputed that Higdon was an at-will employee of FNB. (Defs.' Mem. Opp'n Mot. Dismiss 6.) No South Carolina court has held that an implied covenant of good faith and fair dealing exists in an at-will employment relationship. In fact, courts faced with the issue have explicitly found that a covenant of good faith and fair dealing does not exist in an at-will employment relationship. See Keiger v. Citgo Coastal Petroleum, Inc., 482 S.E.2d 792, 794 (S.C. Ct. App. 1997); Williams v. Riedman, 529 S.E.2d 28, 39-40 (S.C. Ct. App. 2000); Witt v. Am. Trucking Ass'ns, 860 F. Supp. 295, 306 (D.S.C. 1994) ("An implied covenant of good faith and fair dealing is antithetical to the whole notion of at-will employment."). Therefore, FNB's motion to dismiss the Defendants' claim for breach of the duty of good faith and fair

4

dealing is granted.

It is therefore

**ORDERED** that FNB's partial motion to dismiss counterclaims, docket no. 18, is granted.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
October 31, 2007