IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| First National Bank, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 6:07-2182-HMH |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| First National Bank of the South, | ) | |
| First National Bancshares, Inc., | ) | |
| John Higdon, and Peter Seitz, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on First National Bank of the South's ("FNBS") motion to compel First National Bank ("FNB") to produce documents responsive to FNBS's First Request for Production of Documents. After review, the court denies the motion.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

John Higdon ("Higdon") was formerly employed as FNB's Vice President, Regional Wholesale Director in a division of FNB known as FNB Mortgage. (Compl. ¶ 7.) The Defendants allege that Tom Brittain ("Brittain"), an FNB employee, revealed private information about Higdon's wages, including offering to disclose his W-2 form, to Mike Johnson ("Johnson"), who was considering an offer to fill Higdon's former position with FNB. (Answer ¶ 25.) In addition, the Defendants allege that Brittain revealed the same information and made the same offer regarding the W-2 form to Allen Robinson of Homestar Lending. (Id.) Finally, according to the Defendants, FNB repeatedly accepted, retained, and disposed of the Defendants' mail, including loan files belonging to the Defendants, and used this mail to solicit

business from the Defendants' clients. (Id. ¶ 81.)

On July 16, 2007, FNB filed the instant action against the Defendants asserting various claims arising from Higdon's employment and resignation. The Defendants filed an answer, which included six counterclaims against FNB on August 27, 2007. FNBS filed the instant motion to compel on June 2, 2008. FNB filed a response on June 17, 2008, and FNBS replied on June 27, 2008.

## II. DISCUSSION OF THE LAW

FNBS moves to compel the production of documents responsive to its First Request for Production of Documents. (Def.'s Mem. Supp. Mot. Compel 2-3.) FNBS asserts that FNB has not fully and adequately responded to its document request. (Id.) In response, FNB agrees to produce all documents responsive to FNBS's First Request for Production of Documents, to the extent they are available, by June 30, 2008, with the exception of documents responsive to request number thirteen. (Pl.'s Mem. Opp'n Mot. Compel 3.) Therefore, with the exception of documents responsive to request number thirteen, FNBS's motion to compel is moot.

Request number thirteen in FNBS's First Request for Production of Documents seeks "[a]ll documents reflecting any communication between anyone at FNB and any current or former customer of FNB from January 1, 2007 through July 1, 2007, specifically any such documents which refer or relate in any way to allegations of the plaintiff's complaint." (Def.'s Mem. Supp. Mot. Compel Ex. 1 (Def.'s First Req. Produc. Docs. 3).) FNB objects to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. (Pl.'s Mem. Opp'n Mot. Compel 3-4.)

The court agrees that FNBS's document request number thirteen is overly broad and

unduly burdensome.  To require FNB to produce all communications made between FNB and any current or former customers during a six-month period is unduly burdensome.  FNB asserts that a response to this request could result in the production of thousands of documents and require over 300 man hours to complete.  (<u>Id.</u> 5.)  In addition, the overly broad scope of the request renders it more of a "fishing expedition" and not reasonably calculated to lead to the discovery of admissible evidence.  <u>Sandcrest Outpatient Servs., P.A. v. Cumberland County Hosp. Sys., Inc.</u>, 853 F.2d 1139, 1147 (4th Cir. 1988) (internal quotation marks and citation omitted).  Therefore, FNBS's motion to compel FNB to produce documents responsive to request number thirteen in its First Request for Production of Documents is denied.

It is therefore

**ORDERED** that FNBS's motion to compel, docket number 79, is denied.

**IT IS SO ORDERED**.

                                                  s/Henry M. Herlong, Jr.
                                                  United States District Judge

Greenville, South Carolina
July 3, 2008