IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| First National Bank, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 6:07-2182-HMH |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| First National Bank of the South, | ) | |
| First National Bancshares, Inc., | ) | |
| John Higdon, and Peter Seitz, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on First National Bank's ("FNB") motion to strike or, in the alternative, dismiss the Defendants' amended counterclaims and the Defendants' motion to amend the scheduling order and for leave to file amended counterclaims. After review, the court grants FNB's motion to strike the Defendants' amended counterclaims and denies the Defendants' motion to amend the scheduling order and for leave to file amended counterclaims.

## I. FACTUAL AND PROCEDURAL BACKGROUND

John Higdon ("Higdon") was formerly employed as FNB's Vice President, Regional Wholesale Director, in a division of FNB known as FNB Mortgage. (Am. Compl. ¶ 7.) Generally, this case arises from facts surrounding Higdon's employment and resignation from FNB and subsequent employment with First National Bank of the South ("FNBS"), including allegations that prior to his resignation, Higdon improperly solicited other FNB employees to work for FNBS. (Id. generally.) The amended scheduling order entered on March 18, 2008, and currently in place, gave the parties until May 16, 2008, to file amended pleadings in the instant

1

case. On that date and with the consent of the Defendants, FNB filed a motion to amend the complaint, which the court granted on May 20, 2008. In the amended complaint, FNB asserted no new claims and made relatively minor changes to the original complaint. (Id. generally; Compl. generally.) Specifically, FNB corrected several misspellings in the original complaint. In addition, in the original complaint FNB alleged that the Defendants improperly solicited several of its employees and specifically referenced employees in its Greenville office. In the amended complaint, FNB clarified that its former employees, Chris Maxwell ("Maxwell") and Albert Williams ("Williams"), who were not employed in FNB's Greenville office, were among the employees whom the Defendants allegedly improperly solicited. (Pl.'s Mem. Supp. Mot. Strike 1; Am. Compl. generally.)

The Defendants filed an amended answer and counterclaim on June 3, 2008. In the responsive pleading, the Defendants added three counterclaims, identified as the first, second, and third counterclaims, which they had not asserted in the original answer and counterclaim. (Ans. & Countercl. generally; Am. Ans. & Countercl. generally.) Specifically, the Defendants added counterclaims for interference with potential contractual relations, disparagement, and violation of the South Carolina Unfair Trade Practices Act ("SCUTPA"). (Am. Ans. & Countercl. ¶¶ 74-95.) The additional counterclaims were based on allegations that FNB falsely and wrongfully disparaged the Defendants to third parties by calling into question the trustworthiness and integrity of the Defendants. (Id.)

On June 17, 2008, FNB moved to strike or, in the alternative, dismiss the three new counterclaims added in the amended answer. On July 7, 2008, the Defendants responded and filed a motion to amend the deadline in the scheduling order regarding motions to amend

pleadings and for leave to file the amended answer, including the new counterclaims. FNB responded to the Defendants' motion and filed a reply in support of its motion on July 16, 2008. The Defendants replied on July 28, 2008.

## II. DISCUSSION OF LAW

FNB moves to strike or dismiss the three additional counterclaims asserted in the Defendants' amended answer on the ground that the amended counterclaims were filed outside the May 16, 2008, deadline for amending pleadings in the court's scheduling order and were filed without leave of court. (Pl.'s Mem. Supp. Mot. Strike 5-6.) The Defendants contend that because the new counterclaims were filed in response to FNB's amended complaint, leave from the court was not required.

The United States Court of Appeals for the Fourth Circuit has not directly decided the issue of whether counterclaims filed in response to an amended complaint require leave of court or may be filed as a matter of right, and district courts are divided on the issue. See, e.g., Uniroyal Chem. Co. v. Syngenta Crop Prot., Inc., No. 3:02-cv-02253, 2005 WL 677806, at *2 (D. Conn. March 23, 2005) (unpublished) ("Where . . . the amended complaint does not change the scope of the action, a defendant should obtain leave of court before adding a new counterclaim that would change the scope of the case."); Am. Home Prods. Corp. v. Johnson & Johnson, 111 F.R.D. 448, 453 (S.D.N.Y. 1986) (holding that a defendant had the right to include a new and unrelated counterclaim in its responsive pleading to an amended complaint without leave of court). However, the court agrees with "the moderate, and most sensible, view . . . that an amended response may be filed without leave only when the amended complaint changes the theory or scope of the case, and then, the breadth of the changes in the amended response must

3

reflect the breadth of the changes in the amended complaint." Elite Entm't, Inc. v. Khela Bros. Entm't, 227 F.R.D. 444, 446 (E.D. Va. 2005).

In the instant case, FNB made very minor changes in its amended complaint, none of which altered the scope or nature of the litigation. As discussed above, FNB merely corrected some misspellings and clarified that the allegedly improperly solicited employees included Maxwell and Williams, a fact of which all parties were aware prior to the filing of the amended complaint. (Pl.'s Mem. Supp. Mot. Strike 2.) In contrast, the changes made by the Defendants in the amended answer and counterclaim went far beyond merely addressing the minor changes in the amended complaint and included the assertion of three new counterclaims for interference with potential contractual relations, disparagement, and violation of SCUTPA. Because the addition of these three counterclaims to the Defendants' responsive pleading far exceeded the scope and nature of the changes made in the amended complaint, the court finds that the Defendants were required to obtain leave from the court before including the additional counterclaims in the amended answer and counterclaim. Therefore, the court will consider the Defendants' motion to amend the answer and counterclaim and to amend the scheduling order filed on July 7, 2008.

Generally, motions to amend a pleading are governed by Rule 15(a) of the Federal Rules of Civil Procedure, which states that leave to amend "shall be freely given when justice so requires." However, when a party moves to amend its pleadings after the deadline provided for in a scheduling order, the party must first show "good cause" pursuant to Rule 16(b). Fed. R. Civ. P. 16(b); see Dilmar Oil Co. v. Federated Mut. Ins. Co., 986 F. Supp. 959, 980 (D.S.C. 1997). The "good cause" standard "focuses on the diligence of the party seeking leave to modify

the scheduling order to permit the proposed amendment" and "means that scheduling deadlines cannot be met despite a party's diligent efforts." Id. (citations omitted). If the movant can show "good cause," then the court applies the "freely given" standard of Rule 15(a). Id.

The Defendants filed the motion to amend the answer and counterclaim on July 7, 2008, well beyond the May 16, 2008, deadline for filing motions to amend the pleadings. The Defendants have presented no justification for failing to file the motion before the deadline set forth in the court's scheduling order, and to the contrary, argue that the counterclaims are largely based on the Defendants' previous allegations in the original answer and counterclaim. (Defs.' Mem. Supp. Mot. Amend Ans. & Countercl. 2.) Therefore, the court finds that the Defendants have failed to demonstrate good cause warranting a modification of the scheduling order to permit the proposed amendment. Based on the foregoing, the court grants FNB's motion to strike and denies the Defendants' motion to amend the answer and counterclaim and to amend the deadline in the scheduling order for amending pleadings. Accordingly, the Defendants' first, second, and third counterclaims for interference with prospective contractual relations, disparagement, and violation of SCUTPA in the amended answer and counterclaim (Am. Ans. & Countercl. ¶¶ 74-95) are stricken.

Therefore, it is

**ORDERED** that the Plaintiff's motion to strike the Defendants' first, second, and third counterclaims, docket number 86, is granted. It is further

**ORDERED** that the Defendants' motion to amend its answer and counterclaim and to amend the scheduling order, docket number 96, is denied.

**IT IS SO ORDERED**.

                                              s/Henry M. Herlong, Jr.
                                              United States District Judge

Greenville, South Carolina
August 4, 2008